FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2009 OCT -1 D 3: 40

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

BASF CONSTRUCTION CHEMICALS, LLC,
successor by merger to SENERGY, INC.,
and successor by merger and acquisition to
HARRIS SPECIALTY CHEMICALS, INC.;

                Plaintiffs,

vs.

CASE NO. 3:09cv992-J34TEM

LUMBERMENS MUTUAL CASUALTY
COMPANY, for itself and as successor to,
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

BASF Construction Chemicals, LLC, successor by merger to Senergy, Inc. and successor by acquisition and merger to Harris Specialty Chemicals, Inc. (together with each of their successors in interest collectively "BASF"), by and through its undersigned counsel, hereby brings its Complaint for Declaratory Judgment, Breach of Contract and Bad-Faith Refusal to Defend and Indemnify as against Lumbermens Mutual Casualty Company for itself and as successor in interest to American Manufacturers Mutual Insurance Company ("Lumbermens"), and states as follows:

### NATURE OF THE ACTION AND FACTUAL BACKGROUND

1. This is a civil action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure to determine Lumbermens' duty to defend and indemnify BASF in connection with a property damage claim that is covered

1

under a policy issued by Lumbermens and for damages for Lumbermens' breach of contract and bad faith in wrongfully denying coverage to BASF.

2. On or about December 9, 2003 Amherst Mews Homeowners Association, Inc. filed suit against, *inter alia,* Senergy, Inc. and Harris Specialty Chemicals, Inc., in an action captioned *Amherst Mews Homeowners Association Inc. v. The Hills Development Company, et. al.*, no. L-1731-03 in the Superior Court of New Jersey, Somerset County (hereinafter "*Amherst Mews* Action"). A true and accurate copy of the Complaint filed in the *Amherst Mews* Action is attached hereto as Exhibit A.

3. The *Amherst Mews* Action sought damages from BASF for property damage as a result of an allegedly defective drainage-EIFS product manufactured and sold by Senergy, Inc.

4. BASF was served with a copy of the Summons and Complaint for the Amherst Mews Action on or about February 18, 2004. A true and accurate copy of the Summons in the *Amherst Mews* case is attached hereto as Exhibit B.

5. Upon information and belief, Lumbermens issued to or subscribed in favor of BASF and under which BASF, as successor in interest to Senergy, Inc., is a named insured, a policy or policies of primary and excess/umbrella liability insurance, including but not limited to commercial general liability policy number 4LS 000 095-00, which provides coverage during the 02/15/99-02/15/00 period which is implicated by the *Amherst Mews* property damage claim ("Lumbermens Policy"). A true and accurate copy of the Lumbermens Policy is attached hereto as Exhibit C.

6. Upon information and belief, the Lumbermens Policy provides a duty to defend and indemnify as follows:

   1. **Insuring Agreement**

      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages.

7. The *Amherst Mews* Action was tendered to Lumbermens on or about March 17, 2004 by BASF's broker Marsh USA, Inc. A true and accurate copy of the March 17, 2004 tender letter is attached hereto as Exhibit D.

8. On or about March 18, 2004 Lumbermens sent correspondence to BASF to advise that Lumbermens was investigating the Amherst Mews Action and advised BASF that it may retain counsel of its choice to defend the *Amherst Mews* Action. A true and accurate copy of the March 18, 2004 correspondence is attached hereto as Exhibit E.

9. On April 15, 2004 Marsh USA, Inc., on behalf of BASF, sent correspondence to Lumbermens which acknowledged receipt of Lumbermens' March 18, 2004 correspondence. In addition, Marsh advised Lumbermens that BASF "waives none of their rights under the terms and conditions of the policies of insurance to challenge any reservation of rights or disclaimers of coverage made now or in the future." A true and accurate copy of the April 15, 2004 correspondence is attached hereto as Exhibit F.

10. No written response to the April 15, 2004 tender letter was received from Lumbermens.

11. On or about August 17, 2006 defendants The Hills Development Company filed an amended cross claim against BASF seeking indemnification and contribution in connection with the *Amherst Mews* Action.

12. On or about October 13, 2007 BASF sent a second tender letter with respect to the *Amherst Mews* Action to Lumbermens and requested that written acceptance of the tender and any coverage position be provided within 30 days of receipt of the tender letter. A true and accurate copy of the October 13, 2007 correspondence is attached hereto as Exhibit G.

13. On or about November 7, 2007 Lumbermens sent correspondence to BASF to advise that Lumbermens was conducting a coverage investigation and would advise BASF or its position. A true and accurate copy of the November 7, 2007 correspondence is attached hereto as Exhibit H.

14. Lumbermens did not accept BASF's defense and no coverage position was ever received from Lumbermens with respect to BASF's tender of the Amherst Mews Action.

15. As a result of Lumbermens' failure to acknowledge its defense obligation, BASF tendered its defense of the *Amherst Mews* Action to Allianz Insurance Company.

16. Allianz Insurance Company agreed to defend BASF. In addition, Allianz agreed to indemnify BASF in connection with a $1.1 million settlement reached between BASF and the plaintiff in the *Amherst Mews* Action.

17. However, although Allianz agreed to defend and indemnify BASF, BASF's insurance program with Allianz rendered BASF subject to a self insured retention, whereas

4

the Lumbermens Policy was subject only to a $75,000 deductible with a duty to defend from dollar one.

18. As a result BASF was forced to pay defense costs and expend resources to manage the litigation under its self insured retention until it was exhausted in September 2006.

19. On or about July 22, 2009 BASF emailed Lumbermens to request a defense and indemnity in connection with the remaining cross claims pending against it in the *Amherst Mews* Action. BASF reminded Lumbermens of its failure to respond to the March 17, 2004 and October 13, 2007 tenders, advised that all other primary coverage had been exhausted and requested that Lumbermens provide its long overdue coverage position. A true and accurate copy of the July 22, 2009 correspondence is attached hereto as Exhibit I.

20. No written response to the July 22, 2009 tender letter was received from Lumbermens.

21. In preparation for a mediation scheduled in the Amherst Mews Action for July 24, 2009 BASF contacted Lumbermens to request that Lumbermens acknowledge and provide its defense and indemnification obligations to BASF.

22. On July 23, 2009 Lumbermens emailed BASF to advise that it would "not stand in the way of resolving this in the event it can be settled at mediation". However, Lumbermens failed to acknowledge its defense and indemnification obligation to BASF. Lumbermens also reserved "the right to object to a settlement it determines is made for an unreasonable amount" and to "cite to any coverage defense that may apply to limit or deny

coverage". A true and accurate copy of the July 23, 2009 correspondence is attached hereto as Exhibit J.

23. On July 27, 2009 BASF emailed Lumbermens to advise that the remaining cross claims pending against it in the *Amherst Mews* Action had been successfully settled at mediation for $550,000 and requested that Lumbermens make immediate payment of the $550,000 settlement sum. A prompt response was requested from Lumbermens in light of its "5 years or more" delay in acknowledging coverage. A true and accurate copy of the July 27, 2009 correspondence is attached hereto as Exhibit K.

24. Lumbermens responded to BASF's settlement tender on July 27, 2009 with legal posturing and questions immaterial to Lumbermens' defense and indemnification obligation. A true and accurate copy of the July 27, 2009 correspondence is attached hereto as Exhibit L.

25. On August 31, 2009, Lumbermens repeated its requests for irrelevant information, yet again failed to acknowledge its coverage obligation to BASF. A true and accurate copy of the August 31, 2009 correspondence is attached hereto as Exhibit M.

26. BASF responded to Lumbermens' correspondence and reminded Lumbermens of its defense obligation, its five year failure to investigate and defend the *Amherst Mews* Action and its failure to provide any coverage position in connection with this claim since BASF's March 18, 2004 tender. A true and accurate copy of the August 31, 2009 correspondence is attached hereto as Exhibit N.

27. In response, Lumbermens repeated its requests for the irrelevant information, failed to provide any explanation for its continued delay in acknowledging its coverage

obligations to BASF and advised that it would "search [Lumbermens'] files for any previous coverage position letter". A true and accurate copy of the August 31, 2009 correspondence is attached hereto as Exhibit O.

28. On September 1, 2009 BASF responded to Lumbermens' requests for irrelevant information and requested that Lumbermens acknowledge without further delay that it would meet its coverage obligations and pay the settlement amount of $550,000, as well as BASF's attorneys' fees. A true and accurate copy of the September 1, 2009 correspondence is attached hereto as Exhibit P.

29. No written response to the September 1, 2009 tender letter was received from Lumbermens.

30. To date, Lumbermens has refused to honor its obligations to defend and indemnify BASF. Moreover, Lumbermens continues to refuse to pay the settlement amount of $550,000 incurred in connection with the *Amherst Mews* Action.

31. Lumbermens has not identified a valid reason for denying coverage and its five year failure and refusal to defend and indemnify BASF is wrongful, unsupported and does not represent a good-faith evaluation of Lumbermens's obligations to BASF.

32. As a result of Lumbermens's wrongful failure to defend and indemnify BASF, BASF has been forced to pay defense costs in connection with the *Amherst Mews* Action, and to manage the defense of that action in excess of its deductible and up to its self insured retention under the Allianz program. In addition, BASF has been forced to incur and pay the settlement amount of $550,000.

-
-
-

## THE PARTIES

33. At all times relevant to this action, Senergy, Inc. was a Florida corporation with its principal place of business in the State of Florida.

34. At all times relevant to this action, Harris Specialty Chemicals, Inc. was a Delaware corporation with its principal place of business in the State of Florida.

35. At all times relevant Plaintiff BASF Construction Chemicals, LLC. was a Delaware limited liability company with its principal place of business in Beachwood, OH. BASF Construction Chemicals, LLC is the successor by merger to Senergy, Inc. and the successor by acquisition and merger to Harris Specialty Chemicals, Inc.

36. At all times relevant to this action, Lumbermens Mutual Casualty Company was an Illinois corporation with its principal place of business in the State of Illinois, licensed to transact business in the State of Florida.

## JURISDICTION AND VENUE

37. Venue is proper pursuant to 28 U.S.C. § 1391.

38. This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332. As set forth above there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## COUNT I
## DECLARATORY JUDGMENT

39. BASF incorporates by reference the allegations of Paragraphs 1-38 above as though fully set forth herein.

40. BASF seeks a judicial determination that Lumbermens is obligated to defend and indemnify BASF in connection with the *Amherst Mews* Action.

41. If Lumbermens is found to owe a defense and indemnification obligation to BASF in connection with the *Amherst Mews* Action, then BASF further requests that this Court declare that Lumbermens is obligated to pay all defense and indemnity costs incurred, or to be incurred, in connection with the *Amherst Mews* Action, including but not limited to BASF's defense costs in connection with the *Amherst Mews* Action (including but not limited to payments made under its self insured retention) and the settlement amount of $550,000.

42. There is an actual, case and controversy between BASF and Lumbermens concerning Lumbermens's obligation to defend and indemnify BASF for the *Amherst Mews* Action and the issuance of declaratory relief by this Court is necessary to resolve part or all of the existing controversy between BASF and Lumbermens.

## COUNT II
## BREACH OF CONTRACT

43. BASF incorporates by reference the allegations of Paragraphs 1-38 above as though fully set forth herein.

44. Lumbermens is obligated to defend and indemnify BASF under the Lumbermens Policy, in connection with the *Amherst Mews* Action.

45. On March 18, 2004 BASF tendered the *Amherst Mews* Action to Lumbermens.

46. For over 5 years Lumbermens refused and continues to refuse to honor its defense and indemnity obligation to BASF under the Lumbermens Policy. As a result, Lumbermens has materially breached its insurance contract with BASF under the Lumbermens Policy.

47. BASF has suffered economic damages due to Lumbermens's breach of the contract under the Lumbermens Policy, as BASF has incurred, inter alia, significant and unreimbursed out-of-pocket expenses and costs to respond to the *Amherst Mews* Action, including but not limited to BASF's defense costs in connection with the *Amherst Mews* Action (including but not limited to payments made under its self insured retention) and the settlement amount of $550,000.

48. Wherefore, as a result of Lumbermens's material breach of contract, BASF demands: 1) judgment against Lumbermens for damages resulting from Lumbermens's material breach of the Lumbermens Policy; 2) reimbursement by Lumbermens for any and all amounts that BASF has paid and may incur in the future, including but not limited to BASF's defense costs in connection with the *Amherst Mews* Action (including but not limited to payments made under its self insured retention) and the settlement amount of $550,000; and 3) payment of the fees and costs from this action, interest and such other relief as this court deems just and proper.

## COUNT III
## DAMAGES FOR BAD-FAITH REFUSAL TO DEFEND AND INDEMNIFY

49. BASF incorporates by reference the allegations of Paragraphs 1-38 and 45 through 48 above as though fully set forth herein.

50. Lumbermens is obligated to defend and indemnify BASF, a named insured under the Lumbermens Policy, in connection with the *Amherst Mews* Action.

51. In addition to repeatedly providing full factual support for its request for a defense and indemnification for damages incurred in connection with the *Amherst Mews* Action, BASF has also indulged Lumbermens's requests for information and documentation which is irrelevant to Lumbermens' defense obligation in connection with the *Amherst Mews* Action. Lumbermens has nonetheless failed to acknowledge and confirm its full coverage and indemnity obligations.

52. Lumbermens has not identified a valid reason for denying coverage and its failure and refusal to defend and indemnify BASF in connection with the *Amherst Mews* Action is wrongful, unsupported and does not represent a good-faith evaluation of Lumbermens's obligations to BASF.

53. Lumbermens' failure to provide BASF with a timely coverage position in connection with the *Amherst Mews* Action is in violation of Lumbermens' obligations under Fla. Stat. § 627.426. As a result, Lumbermens is estopped from denying coverage for this matter.

54. Moreover, Lumbermens's refusal to settle fairly the *Amherst Mews* Action constitutes bad faith. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289 (1991)

55. BASF has incurred legal expenses, including attorneys' fees, necessary to effectuate this action and secure the indemnity that Lumbermens is obligated to provide and which Lumbermens has, wrongfully and in bad faith, refused to provide.

56.     As a result of Lumbermens's bad faith denial of coverage, BASF demands: 1) judgment against Lumbermens for damages resulting from Lumbermens's bad faith; 2) reimbursement by Lumbermens for any and all amounts that BASF has paid, including but not limited to BASF's defense costs in connection with the *Amherst Mews* Action (including but not limited to payments made under its self insured retention) and the settlement amount of $550,000; and 3) payment of BASF attorney's fees and all other fees and costs from this action, interest and such other relief as this court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the Court enter a judgment

i.      Declaring that Lumbermens has an obligation to provide a defense and indemnify BASF under one or more primary, umbrella and/or excess liability insurance policies issued by Lumbermens to, or subscribed in favor of, BASF and under which BASF is a named insured, including but not limited to commercial general liability policy number 4LS 000 095-00, which provides coverage during the 02/15/99-02/15/00 period, in connection with the *Amherst Mews* Action;

ii.     Declaring that Lumbermens is obligated to defend BASF and pay all defense and indemnity costs incurred, or to be incurred, by BASF in connection with the *Amherst Mews* Action, including but not limited to BASF' defense costs in connection with the *Amherst Mews* Action (including but not limited to payments made under its self insured retention) and the settlement amount of $550,000;

iii. Awarding BASF damages, in a sum to be determined by the jury, for Lumbermens' material breach of contract in refusing to defend and indemnify BASF in connection with the *Amherst Mews* Action;

iv. Awarding BASF damages, in a sum to be determined by the jury, for Lumbermens' bad faith, in repeatedly failing to respond to the *Amherst Mews* Action and acknowledge its coverage obligation to BASF in violation of tender letters and associated correspondence;

v. Awarding BASF damages, in a sum to be determined by the jury, for Lumbermens' bad faith refusal to defend and indemnify BASF in connection with the *Amherst Mews* Action;

vi. Declaring that BASF is entitled to its attorneys' fees, interest, and costs incurred for prosecuting this action; and

vii. For such other and further relief as this Court may deem just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

MOSELEY, PRICHARD, PARRISH,
KNIGHT & JONES, P.A.

_____
Eric L. Hearn (FBN 0094269), Trial Counsel
501 W. Bay Street
Jacksonville, Florida 32202
(904) 356-1306; (904) 354-0194 (facsimile)
Attorneys for the Plaintiff